```
                                          FILED
                                        OCT 31 2012
                                   CLERK, U.S. DISTRICT COURT
                                 SOUTHERN DISTRICT OF CALIFORNIA
                                 BY              DEPUTY
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANTONIO ASCENCIO, <br> Petitioner, <br> v. <br> UNITED STATES OF AMERICA <br> Respondent. | Cr. No. 10-2570GT <br> Cv. No. 11-1676GT <br> **ORDER** |

On July 28, 2011, Petitioner, Mario Antonio Ascencio ("Mr. Ascencio"), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Ascencio argues that his counsel was ineffective because he did not argue for a downward departure based on cultural assimilation and preserve this issue for appeal. The Court has fully considered this matter, including a review of Mr. Ascencio's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Ascencio's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

First, Mr. Ascencio pled guilty, pursuant to a written plea agreement, to one count of Deportable Alien Found in the United States, in violation of 8 U.S.C. §1326(a) and (b). In the written plea agreement, Mr. Ascencio explicitly waived his right to appeal and/or collaterally attack

his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See*, United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Ascencio expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Ascencio is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Ascencio had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Ascencio argues that his counsel was ineffective because he did not argue for a downward departure based on cultural assimilation and preserve this issue for appeal. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. Strickland v. Washington 466 U.S. 668, 687 (1984). The petitioner must show that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Mr. Ascencio has made no showing that he would have gone to trial but for the errors of his counsel. In fact, Mr. Ascencio's calculated guideline range was 57-71 months. Mr. Ascencio's counsel filed a lengthy brief explaining why this sentence was greater than necessary under § 3553(a) factors. The Court sentenced Mr. Ascencio to only 40 months in prison, which was substantially lower than his calculated guidelines. Hence, Mr. Ascencio's counsel was not ineffective.

Moreover, Mr. Ascencio was not eligible for cultural assimilation. In general, a defendant with an extensive criminal history is not granted a downward departure based on cultural assimilation because he poses a risk "to the public of further crimes." In this case, Mr. Ascencio was a criminal history category V with both a robbery and drug related offenses. Hence, Mr. Ascencio was not eligible for a downward departure based on cultural assimilation.

Mr. Ascencio also argues that his counsel was ineffective because he did not preserve the issue of cultrual assimilation for the purpose of appeal. However, Mr. Ascencio expressly waived his right to appeal or collaterally attack his sentence in his written plea agreement. Filing an appeal

would have breached Mr. Ascencio's plea agreement. Hence, Mr. Ascencio's counsel was not ineffective because he did pursue an appeal or preserve the issue of cultural assimilation for appeal. Accordingly,

**IT IS ORDERED** that Mr. Ascencio's Motion to Vacate, Set Aside or Correct Sentence is **DENIED.**

**IT IS SO ORDERED.**

10/31/12
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter          Petitioner